CIVIDANES, PETITIONER, *v.* LÓPEZ ACOSTA, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of Guayama in an Action of Debt.

No. 138.—Decided February 12, 1915.

APPEAL—APPEAL FROM MUNICIPAL COURTS—TRANSCRIPT OF RECORD.—Although there is no statutory provision expressly authorizing a district court to dismiss an appeal when the transcript of the record has not been sent up within the twenty days fixed by the Act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, the provisions of section 7 of the Civil Code, which are applicable not only to questions of substantive law but also to matters of procedure, and especially the provisions of section 36 of the Code of Civil Procedure, are sufficient to warrant the dismissal of the appeal when the transcript of the record is not filed within the said period.

ID.—ID.—APPEAL TO SUPREME COURT.—Section 303 of the Code of Civil Procedure concerning appeals to this court and providing that if the appellant fail to furnish the requisite papers the appeal may be dismissed, is applicable by analogy to appeals taken from municipal to district courts.

RECONSIDERATION—NEW FACTS.—New facts which have not been considered by the court that rendered the decision whose reconsideration is prayed for cannot be set up in a motion for reconsideration unless strong reasons constituting a reasonable excuse are given for not having done so before.

APPEAL — MOTION TO SET ASIDE ORDER DISMISSING APPEAL — DISCRETION OF COURT.—A motion to set aside an order of a district court dismissing an appeal from a judgment rendered by a municipal court is addressed to the discretion of the judge of said district court, and unless it be shown that he abused said discretion, an order overruling the motion should stand.

ID.—JURISDICTION—NOTICE OF APPEAL—STAY OF EXECUTION.—Section 2 of the
Act to regulate appeals from judgments of municipal courts in civil cases,
approved March 11, 1908, provides that the presentation of the notice of
appeal has the effect of staying execution of the judgment; therefore, from
that moment the municipal court loses jurisdiction and the district court
acquires it except when notice of appeal is not served on the adverse party,
in which case the same act itself authorizes the municipal judge to dismiss
the appeal.

ID.—FILING AND DOCKETING APPEAL.—When the transcript of the record is sent
up to the district court and the appeal is filed and docketed, it is the duty
of the court to hear and decide the same even if the defendant-appellant fail
to appear.

The facts are stated in the opinion.

*Messrs. Rossy & Guillermety* for the petitioner.

The defendant appeared by brief *pro se.*

*Mr. C. Domínguez Rubio* for the intervenor, Adolfo For-
tier.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

In a civil action of debt brought by Adolfo Fortier against
Manuel Cividanes in the Municipal Court of Guayama, said
court rendered judgment on September 15, 1914, against the
defendant for the sum of $469.15, together with the costs
and disbursements. From that judgment the defendant ap-
pealed to the District Court of Guayama on September 23,
1914, and served notice of appeal on the adverse party. On
October 27 following, the plaintiff moved the said court for
dismissal of the appeal on the grounds that the transcript
of the record had not been filed in the office of the secretary
and that the appellant had neither entered his appearance in
the appeal nor paid the fees for filing the same although more
than the twenty days fixed by law for that purpose had
elapsed. On the same 27th day of October the court set No-
vember 5 for the hearing on the motion and a copy of the
same and of the order setting the date for the hearing was
mailed to the defendant-appellant.

The transcript of the record, certified to by the secretary
of the municipal court on October 28, was received on the

following day in the office of the secretary of the district court and that court, after a hearing at which the appellant did not appear, rendered a decision on November 5 dismissing the appeal with costs, on the ground that the respondent had shown that the transcript had not been filed nor any deposit made for the costs within the time fixed by law. On the following day, November 6, the appellant moved that the said decision be reconsidered and that, after filing the case, a day be set for its hearing, alleging that on October 5 he had deposited the sum of $20 in the municipal court as fees for the transcript of the record; that at different times he had requested the secretary of the municipal court to send up the transcript to the district court and the secretary always answered that he had not done so because of the length of the original record and because he had been kept busy in the court attending to election matters, and that on November 5, after the motion for dismissal of the appeal had been served on him on November 1, he sent the amount of the filing fees to the district court, but was informed by the secretary that it was too late as the motion to dismiss the appeal had already been sustained.

The motion for reconsideration was heard and overruled by a decision of December 4, last.

The foregoing facts were alleged by the petitioner, Manuel Cividanes, in an application made to this court on December 22, last, for a writ of *certiorari* directed to the Judge of the District Court of Guayama and praying this court to set aside the decisions of the said court of November 5 and December 4, last, the first dismissing the appeal and the second overruling the motion for reconsideration.

The writ of *certiorari* was issued by order of this court on December 24 and the proceedings had before the District Court of Guayama having been sent up by order of that court, they have been carefully examined and we must conclude that the application should be dismissed and the writ discharged.

The Act to regulate appeals from judgments of municipal courts in civil cases, approved March 11, 1908, provides in section 1 thereof that within twenty days after notice of appeal has been presented to the secretary of the municipal court the secretary shall forward to the district court a copy of all pleadings, of the final judgment and of all interlocutory decisions or orders which the aggrieved party may wish to present to the district court for revision.

The said act makes no provision for the failure of the secretary of the municipal court to comply with the foregoing requirement, nor was any provision made prior to the passage of the said act in case of failure to comply with rule 34 of the district courts, providing that the secretary of the municipal court should prepare and send up to the district court the transcript of the record within the ten days following the perfection of the appeal.

We are of the opinion that the doctrine laid down in the case of *López Zárate* v. *Villabaso,* 12 P. R. R., 52, is applicable notwithstanding the subsequent approval of the act to regulate appeals from judgments of municipal courts in civil cases. In construing rule 34 governing appeals from municipal courts, we said in that case that although there is no statute which expressly authorizes the dismissal of an appeal when the transcript of the record was not sent up to the district court within the ten days following the perfection of the appeal, the provisions of section 7 of the Civil Code, which are applicable not only to questions of substantive law but also to matters of procedure, and especially the provisions of section 36 of the Code of Civil Procedure, are sufficient to warrant the dismissal of the appeal when the transcript of the record is not filed within the said period.

The action of the district court in dismissing the appeal by its order of November 5 is warranted in view of the fact that, according to the doctrine which we have cited, section 303 of the Code of Civil Procedure, providing that if the appellant fail to furnish the requisite papers in appeals to this

court the appeal may be dismissed, is applicable to this case by analogy.

Petitioner Cividanes did not plead to the motion for dismissal of the appeal, for he did not appear at the hearing where he could have alleged and proven that the failure to send up the transcript of the record was due wholly to the negligence of the secretary of the municipal court and that he had used due diligence to avoid such negligence by exercising the proper legal means to compel the secretary to comply with his duty. If he had done this, the district court, in the exercise of its discretional powers, could have overruled the motion for dismissal. *Albite* v. *District Judge,* 15 P. R. R., 330, 333.

The decision of the district court of December 4 overruling the motion for reconsideration should also be sustained.

New facts which have not been considered by the court which rendered the decision whose reconsideration is prayed for cannot be set up in a motion for reconsideration, unless strong reasons constituting a reasonable excuse are given for not having done so before. The appellant alleged no excuse for not having set up in writing or orally the facts on which he based his motion for reconsideration, in answer to the motion for dismissal of the appeal.

However, we will consider the said motion more in the light of an effort to obtain the setting aside or annulment of the order of November 5 than to obtain a reconsideration thereof.

In deciding the case of *Viñas* v. *Aldrey,* 13 P. R. R., 351, we said that a motion to set aside an order dismissing an appeal is addressed to the discretion of the judge of the district court, and unless it is shown that he abused said discretion his order overruling the motion should stand.

The district court admitted evidence at the hearing on

the so-called motion for reconsideration and stated its conclusions in the following language:

"This motion was argued and from the evidence introduced by the parties it appears that on September 23 the defendant appealed to this court from the judgment rendered against him by the municipal court, and on October 5 sent $20 to the secretary of the municipal court by a third person to pay the fees for the transcript of the record; that the said person was commissioned to advance the appeal and went twice to the municipal court where the secretary of that court informed him that due to the election cases he had not yet finished the transcript of the record; that as soon as it was finished it was sent to this court and the defendant notified; that on November 5, the day set for hearing the motion for dismissal of the appeal, the defendant sent the secretary of the district court a sum of money as a deposit for the fees for filing the appeal and was informed by the stenographer of the court that on the morning of that day the motion for dismissal of the appeal had been sustained as prayed for by the plaintiff; that the defendant took no further action in the matter before the municipal court to have the appeal sent up in time, nor did he appear before this court and deposit the fees within twenty days from the date of the appeal."

The said evidence has not been submitted to the consideration of this court in any manner, for there is not the slightest reference thereto in the record, therefore we could well disregard it and accept as presumably correct the conclusion reached by the judge in overruling the motion.

But even taking into account the findings of the lower court, they show of themselves that there was no abuse of discretion on the part of the said court and that it made a proper use of its discretional powers.

The appellant took no steps before the municipal judge in order to have the secretary prepare the transcript of the record within the time fixed by law; he made no attempt to compel him to comply with his duty; he did not appear before the district court on the day set for the hearing in order to oppose the motion for dismissal, and he did not take the trouble to insure the filing of the transcript of the rec-

ord before the hearing was held by depositing the necessary fees.

The appellant has not been sufficiently diligent, therefore the judge of the district court did not abuse his discretion in entering the orders complained of.

The petitioner maintains that the district court lacked jurisdiction to make the orders objected to, as it could not acquire jurisdiction until the secretary of the lower court had sent up the record and the appeal had been docketed. He is mistaken. Section 2 of the Act of March 11, 1908, provides that the presentation of the notice of appeal has the effect of staying execution of the judgment, therefore from that moment the municipal court loses jurisdiction and the district court acquires it, except when the notice of appeal is not served on the adverse party, in which case the same act itself authorizes the municipal judge to dismiss the appeal. The case at bar is not subject to that exception, for the respondent was served with notice of the appeal.

Of course, when the transcript of the record is sent up to the district court in due time and the appeal is filed and docketed, it is the duty of the court to hear and decide it even if the defendant-appellant fail to appear, as was held in the case of *Gelabert Hermanos* v. *Córdova, District Judge,* 17 P. R. R., 1153.

The writ of *certiorari* should be discharged, the District Court of Guayama so informed and the original record returned.

*Petition denied and writ discharged.*

Justices del Toro, Aldrey and Hutchison concurred. Mr. Justice Wolf dissented.